## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN BUTZ,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:17-1909** |
| **v.** | : | **(JUDGE MANNION)** |
| **LUZERNE COUNTY CORRECTIONAL FACILITY, et al.,** | : : | |
| **Defendants** | : | |

## MEMORANDUM

I.    BACKGROUND

Plaintiff, John Butz, an inmate formerly confined at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983.[1] (Doc. 1). The named Defendants are the Luzerne County Correctional Facility, Warden James J. Larson, Corporal Wilk, Dr. Kahn, and the Luzerne County Correctional Facility Medical Staff. Id. Plaintiff seeks compensatory and punitive damages for denial of his prescribed medication from September 21, 2016 through

---

[1] Plaintiff is currently housed at the State Correctional Institution, Houtzdale ("SCI-Houtzdale"), Pennsylvania.

September 24, 2016, while he was housed at the Luzerne County Correctional Facility for a court appearance. Id.

Presently before the Court is a motion to dismiss filed on behalf of Defendants Larson, Wilk, and the Luzerne County Correctional Facility. (Doc. 22). Although provided an opportunity to file a brief in opposition to Defendants' motion to dismiss, Plaintiff has failed to file a brief in opposition to Defendants' motion. For the reasons that follow, the Court will, *sua sponte* dismiss the above captioned action for Plaintiff's failure to exhaust administrative remedies and Defendants' motion to dismiss will be dismissed as moot.


## II.   MOTION TO DISMISS

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P.

8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief"." Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening

provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., Civil No. 06-115E, 2007 WL 1811198, at *4 (W.D. Pa. June 21, 2007), aff'd, 264 Fed Appx. 183 (3d Cir. 2008).

Finally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002) (indicating that "[a]s a general proposition, *sua sponte* dismissal is inappropriate unless the basis is apparent from the face of the complaint" and concluding that dismissal was inappropriate because the plaintiff's failure to exhaust was not apparent from the face of the complaint). The Court may also consider matters of public record. Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Because Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

III.   <u>**DISCUSSION**</u>

The face of Plaintiff's complaint reveals that Plaintiff has not exhausted his administrative remedies with respect to any of the claims raised in his complaint. Specifically, Plaintiff states that he did not exhaust his administrative remedies "due to the fact only there six days on writ from SCI-Houtzdale State Prison and being housed at SCI-Retreat till writ was completed." (Doc. 1 at 2).

Under the Prison Litigation Reform Act of 1996, a prisoner must pursue all available avenues for relief through the prison's grievance system before bringing a federal civil rights action. <u>See</u> 42 U.S.C. §1997e(a); Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997(e) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997(e). The exhaustion requirement is mandatory. Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); Booth, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered

through administrative procedures"). The limitations period for filing §1983 action is tolled during the period that a prisoner spends exhausting his administrative remedies. See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew, 944 F.3d 478, 480 (3d Cir. 2019).

There is no futility exception to §1997e's exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 75-76 (3d Cir. 2000). An inmate must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004); see also Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. See e.g., Booth v. Churner, 206 F.3d 289 (3d Cir. 2000); Bolla v. Strickland, 304 F. App'x 22 (3d Cir. 2008).

If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. See Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000). In addition, an inmate's failure to exhaust will be excused "under

certain limited circumstances," Harris v. Armstrong, 149 F. App'x 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2002); see also Ross v Blake, —— U.S. ——, 136 S.Ct. 1850, 1859-1860, 195 L.Ed.2d 117 (2016) (An administrative procedure is not available when it operates as a simple dead end; when it is so opaque that it becomes incapable of use; and when prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation.). Also, "administrative remedies are not 'available' under the PLRA where a prison official inhibits an inmate from resorting to them through serious threats of retaliation and bodily harm." Rinaldi v. United States, 904 F.3d 257, 267 (3d Cir. 2018). While exhaustion is an affirmative defense, this Court may *sua sponte* dismiss an action pursuant to §1915A when the failure to exhaust defense is obvious from the face of the complaint. See Caiby v. Haidle, 785 F. App'x 64, 65 (3d Cir. 2019).

Plaintiff admits on the face of his complaint that the grievance process was not complete when he commenced this action. He indicates that he never filed a grievance because he was only at York County Prison for six

days and then moved to SCI-Retreat before returning to SCI-Houtzdale. Regardless, the Third Circuit has concluded that transfer to another facility does not excuse the PLRA's exhaustion requirement. See Williamson v. Wexford Health Sources, Inc., 131 Fed. App'x 888, 890 (3d Cir. 2005) (per curiam); Haviland v. Schuylkill Cty. Prison, Civil No. 3:CV-13-101, 2016 WL 4803194, at *5 (M.D. Pa. Sept. 14, 2016); Hontz v. Berks Cty. Prison, Civil Action No. 12-cv-2663, 2014 WL 1123376, at *7 (E.D. Pa. Mar. 21, 2014); Ball v. Bower, Civil No. 1:10-CV-2561, 2011 WL 6782621, at *5 (M.D. Pa. Oct. 13, 2011); In re Bayside Prison Litig., No. 97-5127 (RBK), 2008 WL 2387324, at *4 (D.N.J. May 19, 2008). Plaintiff is still required to exhaust his administrative remedies prior to commencing suit. Given his admission on the face of complaint that he never filed a grievance, it is clear that the grievance process was not complete when Plaintiff filed this action and, therefore, dismissal for failure to exhaust is warranted. The complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

In Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004), our Court of Appeals held that congressional policy objectives were best served by interpreting the statutory "exhaustion requirement to include a procedural default component." The court further ruled that procedural default under §1997e(a) is governed by the applicable prison grievance system, provided

that the "prison grievance system's procedural requirements [are] not imposed in a way that offends the Federal Constitution or the federal policy embodied in §1997e(a)." Id. at 231, 232.

In this case, the face of Plaintiff's complaint readily reveals that he failed to exhaust any administrative remedy prior to filing the instant action. Thus, Plaintiff has sustained a procedural default.

Spruill cited with approval the Seventh Circuit decision in Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Spruill, 372 F.3d at 231. In Pozo, the Seventh Circuit ruled that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025 (emphasis added). Thus, Plaintiff is now foreclosed from litigating his claims in this Court.

In Spruill, the Third Circuit found that a procedural default component to the exhaustion requirement served the following congressional objectives: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." 372 F.3d at 230. In Pusey v. Belanger, No. Civ. 02-351, 2004 WL 2075472 at *2-3 (D. Del. Sept. 14, 2004), the court applied Spruill to dismiss

an inmate's action for failure to timely pursue an administrative remedy over the inmate's objection that he did not believe the administrative remedy program operating in Delaware covered his grievance. In Berry v. Kerik, 366 F.3d 85, 86-88 (2d Cir. 2004), the court affirmed the dismissal of an inmate's action with prejudice where the inmate had failed to offer appropriate justification for the failure to timely pursue administrative grievances. In Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004), the court embraced the holding in Pozo, stating that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." These precedents support this Court's decision to dismiss the complaint for failure to exhaust administrative remedies.

## VI. CONCLUSION

For the above reasons, the Court will dismiss the Complaint without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) for Plaintiff's admitted failure to exhaust administrative remedies. In light of this Court's *sua sponte* dismissal for Plaintiff's failure to exhaust administrative remedies, Defendants' motion to dismiss will be dismissed as moot.

- 10 -

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 30, 2021**
17-1909-01